## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jabari R. Eldridge,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 3, 2015

Court of Appeals Case No. 02A03-1412-CR-458

Appeal from the Allen Superior Court.
The Honorable Wendy W. Davis, Judge.
Cause No. 02D05-1402-FD-182

**Barteau, Senior Judge**

# Statement of the Case

Jabari R. Eldridge appeals his conviction by jury of battery resulting in bodily injury, a Class D felony,[1] and the jury's determination that he is a habitual offender.[2]  We affirm.

# Issue

Eldridge raises one issue, which we restate as:  whether the State presented sufficient evidence to rebut Eldridge's claim of self-defense.

# Facts and Procedural History

On the afternoon of February 14, 2014, Eldridge was in a car with Andrea Houston, who he had dated for two years, and Houston's four-year-old child. Eldridge was driving Houston to the cable company so that she could pay a bill. During the drive, Eldridge and Houston argued vehemently after Eldridge took fries from Houston's child.  Eventually, although Eldridge was driving, Houston shifted the transmission into park, which stopped the car.[3]

Meanwhile, Maureen Voors was in her office when she heard the sound of a car horn.  She looked out of her window, which was on the first floor of the office

---

[1] Ind. Code § 35-42-2-1 (2012).

[2] Ind. Code § 35-50-2-8 (2005).

[3] The State asserts that Eldridge stopped the car.  Appellee's Br. p. 2.  It is clear in the record that Houston testified that she stopped the car while Eldridge was attempting to drive.  Tr. pp. 81, 94.  There is no evidence to support an assertion that Eldridge stopped the car.

building, and saw a car. A man was choking a woman inside the car. Voors notified Ron Burkart, who was one of the building's security officers, about the attack.

[5] Julie Sanchez worked in the same building as Voors, on the fourth floor. A coworker asked her to call 911 because of something happening outside. Sanchez went to a window and saw a car stopped along the road. A man and a woman were in the car. As Sanchez watched, the man grabbed the woman's head and choked her. Next, Sanchez "saw him hit her repetitively." Tr. p. 117. The woman could not free herself. Sanchez called 911.

[6] At this point, Burkart and another security officer went outside and approached the car. Houston was laying across the driver's seat, honking the horn, and "screaming for help." *Id.* at 124. Burkart and his colleague separated Eldridge from Houston by having him get out of the car. Officer Heather Huffman of the Fort Wayne Police Department arrived. She spoke with Houston, who was crying and very upset. Houston told Officer Huffman "she had been hit by Jabari." *Id.* at 130. Officer Huffman observed injuries to Houston's face and neck. Next, Officer Huffman spoke with Houston's child, who said he saw Eldridge hit Houston.

[7] The State charged Eldridge with battery and alleged that he was a habitual offender. The jury determined that Eldridge was guilty as charged, and the trial court sentenced him in accordance with the jury's verdict. This appeal followed.

# Discussion and Decision

[8] Eldridge argues that the State failed to rebut his claim of self-defense. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Weedman v. State*, 21 N.E.3d 873, 892 (Ind. Ct. App. 2014). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.* If a defendant is convicted despite his or her claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt.[4] *Id.*

[9] A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. *Bryant v. State*, 984 N.E.2d 240, 250 (Ind. Ct. App. 2013), *trans. denied*. According to statute, "A person is justified in using reasonable force against any other person to protect the person . . . from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c) (2013). Furthermore, "No person in this state shall be

---

[4] We note Eldridge's use of intemperate language in his Reply Brief. He asserts that the State "completely fabricated" facts. Reply Br. p. 1. He further says the State "create[d] evidence out of whole cloth." *Id.* at 2. He also describes the State's reading of the facts as "a complete and utter fabrication." *Id.* at 5. As noted above, the State misread the transcript in regards to whether Eldridge or Houston stopped the car. The remainder of the statements in the Appellee's Brief are factual statements or inferences consistent with the standard of review, or comments on the evidence. Eldridge's language is not helpful to our resolution of the appeal.

placed in legal jeopardy of any kind whatsoever for protecting the person . . . by reasonable means necessary." *Id.*

[10] To support a claim of self-defense in a case that does not involve deadly force, a defendant must present evidence that he or she (1) was in a place where he or she had a right to be, (2) did not provoke, instigate, or participate willingly in the violence, and (3) had a reasonable fear of the imminent use of unlawful force. *Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014), *trans. denied*. When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements beyond a reasonable doubt. *Weedman*, 21 N.E.3d at 892.

[11] The force used to defend oneself must be proportionate to the requirements of the situation. *McKinney v. State*, 873 N.E.2d 630, 643 (Ind. Ct. App. 2007), *trans. denied*. In addition, a mutual combatant, whether or not the initial aggressor, must communicate the desire to stop fighting, and the other individual must continue fighting, before self-defense can be reasonably claimed. Ind. Code § 35-41-3-2(g)(3).

[12] In this case, witnesses saw Eldridge choking Houston in a car. Sanchez saw Eldridge grab Houston before choking and hitting her. Later, Burkart approached the car and separated Eldridge from Houston. Houston was honking the horn and screaming for help. When the police arrived, Houston and her child told the police that Eldridge hit Houston. It may be reasonably inferred from this evidence that, regardless of Houston and Eldridge's verbal

dispute, Eldridge instigated the violence. Thus, the State presented evidence sufficient to disprove beyond a reasonable doubt his claim of self-defense. *See Kimbrough v. State*, 911 N.E.2d 621, 636 (Ind. Ct. App. 2009) (State disproved defendant's claim of self-defense where evidence indicated that defendant was the initial aggressor).

Eldridge points to testimony by Houston that she, not Eldridge, started the physical confrontation and that Eldridge was merely getting out of the car while she attempted to restrain him. This is a request to reweigh the evidence, which our standard of review forbids. Even if Houston physically provoked Eldridge, the evidence most favorable to the judgment demonstrates that Eldridge participated willingly in the violence and used far more force than was necessary and reasonable to defend himself. In addition, Eldridge did not withdraw from the encounter or declare to Houston his intent to withdraw, but instead choked her, hit her, and continued to struggle with her until separated from her by security officers. His claim of self-defense must fail. *See* Ind. Code § 35-41-3-2(g)(3); *Morell v. State*, 933 N.E.2d 484, 492 (Ind. Ct. App. 2010) (defendant's claim of self-defense failed because defendant never withdrew from combat or expressed an intent to withdraw).

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed-Barteau, Senior Judge

Vaidik, C.J., and Crone, J., concur.